# CIRCUIT COURT OF ALBEMARLE COUNTY

Forest Lodge, L.L.C.

v.

Virginia Department
of Taxation

February 5, 2013

Case No. 003CL11000654-00

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Virginia Department of Taxation's ("Tax Department") Motion for Summary Judgment filed November 13, 2012. Argument was made on the motion on December 21, 2012, and the Court took the motion under advisement to review the legal authorities and argument of counsel.

This suit involves the claim by Forest Lodge to be given tax credits by the Tax Department regarding the conveyance of 1,194 acres, more or less, of land in Albemarle County, Virginia. Forest Lodge applied for credits under the Land Conservation Incentives Act, Va. Code § 58.1-510, et seq. (the "Act"). It did so by sending a Tax LPC-1 on December 31, 2009, for bargain and sale to the Virginia Department of Conservation and Recreation ("DCR"), with supporting appraisal, as shown on Exhibit B to Applicant's Reply to Defendant's Motion for Summary Judgment.

Tax Department asserts in the Motion for Summary Judgment that the transfer of the 1,194 acres to DCR did not qualify for any tax credits under the Act for two reasons: (1) under the Act, to qualify for credits a conservation conveyance must also qualify as a gift under United States Internal Revenue Code § 170 and this conveyance did not; and (2) under the Act, to qualify for credits, taxpayers must provide a qualified appraisal and file an appraisal summary as required by Va. Code § 58.1-512(B). A qualified appraisal must be prepared by a qualified appraiser, and no such qualified appraisal was provided by Forest Lodge.

*Interpretation of Statutes*

In ruling on the Motion for Summary Judgment, the Tax Department asserts that the Court must strictly construe the Act in ruling on the above two grounds. It cites to the Court the cases of *DKM Rich. Assoc. v. Richmond*, 249 Va. 401, 407-08 (1995), and *Forst v. Rockingham Poultry Marketing Coop*, 222 Va. 270, 275 (1981). It claims: "Whether designated as an exemption, an exclusion, or a limitation, the rule of strict construction controls the availability of every immunity from tax." *Forst, supra*, at 276.

Forest Lodge says a "tax credit" is not a "tax exemption" and says a "tax credit" is a tax payment method. It further asserts: "A 'tax credit' does not reduce or change in any way the liability of a taxpayer." Memorandum in Opposition to the Department of Taxation's Motion for Summary Judgment, page 4. Forest Lodge concludes that traditional statutory construction should apply. That law is:

> While, in the construction of statutes, the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import, the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually said.

*City of Winchester v. American Woodmark Corp.*, 250 Va. 451, 456 (1995).

This Court has read with care the cases cited by Tax Department and finds that those cases apply to "tax exemptions" and not "tax credits." It agrees with Forest Lodge that the traditional statutory construction rules apply, as the Supreme Court of Virginia has not applied the "strict construction" to tax credits.

### Requirement of Gift under I.R.C. § 170

Tax Department asserts that, in order to qualify for tax credits under Va. Code § 58.1-512(B), the conveyance must satisfy the requirements for a charitable contribution under I.R.C. § 170 and the donor must substantiate the value of the gift with a supporting qualified appraisal by a qualified appraiser. Section 58.1-512(B) describes how "qualified donations" shall be determined, i.e., how a conveyance is appraised for tax credits. Section 58.1-512(A) provides for tax credits against tax liability in an amount of 50% of the fair market value of any land conveyed for purpose of agricultural and forestal use, open space, natural resource, etc.

Section 58.1-512(C)(2) states: "Qualified donations shall include the conveyance of a fee interest in real property or the conveyance in perpetuity

of a less-than-fee interest in real property, such as a conservation restriction, preservation restriction, agricultural preservation restriction, or watershed preservation restriction, provided that such less-than-fee interest qualifies as a charitable deduction under § 170(h) of the United States Internal Revenue Code of 1986, as amended."

Tax Department interprets the statute to require the fee simple conveyance of 1,194 acres, more or less, to meet the requirement of being a charitable deduction under the Internal Revenue Code. It says that the conveyance does not qualify as a § 170 gift because transfers satisfying a legal duty, moral obligation, or to gain economic benefits are not gifts. The Tax Department then provides the Court with cases showing what circumstances defeat a § 170 gift.

Forest Lodge responds that Virginia Code §§ 58.1-511 and 58.1-512(C) (2) require a less-than-fee simple interest to satisfy all of the I.R.C. § 170 requirements for a charitable contribution deduction. It says that these requirements do not apply to an entire fee simple interest conveyance, via bargain and sale, to DCR of the 1,194 acres. Forest Lodge says:

> A conveyance of a fee-simple interest does not need to satisfy I.R.C. § 170 requirements for a charitable contribution to qualify for Credits. To qualify for Credits, the Virginia Code requires (1) a "qualified appraisal" to be performed by a "qualified appraiser," as those terms are defined under federal law, and that (2) the "qualified appraisal" is signed by an appraiser who is licensed in Virginia.

Forest Lodge's Memorandum in Opposition to the Department of Taxation's Motion for Summary Judgment at pages 17-18.

Forest Lodge also addresses § 58.1-512(B) and argues that it only references federal law for the definition of a "qualified appraisal" and a "qualified appraiser." The section does not require Forest Lodge to meet any other requirements of I.R.C. § 170.

This Court finds that, applying the traditional "words of plain and definite import" rule of construction, there is no requirement that Forest Lodge meet the requirements of I.R.C. § 170 and denies the Motion for Summary Judgment on that ground.

### Qualified Appraisal Requirements

This question was addressed by Judge Cheryl V. Higgins, resident judge of this Court, in a similar case involving the same appraiser. Her opinion in the case of John W. Rosenblum & Carolyn J. Rosenblum v. Virginia Department of Taxation dated August 16, 2012 is instructive.

Section 58.1-512(B) states:

> The fair market value of qualified donations made under this section shall be determined in accordance with § 58.1-512.1 and substantiated by a "qualified appraiser," as those terms are defined under applicable federal law and regulations governing charitable contributions . . . in order to qualify for a tax credit under this section, the qualified appraisal shall be signed by the qualified appraiser, who must be licensed in the Commonwealth of Virginia as provided in § 54.1-2011, and a copy of the appraisal shall be submitted to the Department. . . .

Section 54.1-2011(E) requires: "A corporation, partnership, or other business entity may provide appraisal services if each appraisal is prepared and signed by an individual licensed in accordance with this chapter and such corporation, partnership, or other business entity has registered with the Board."

The appraisal report is identified as Exhibit B of Applicant's Reply to Defendant's Motion for Summary Judgment. The cover letter is on Piedmont Appraisal Company's letterhead, is dated December 30, 2009, and is signed by Patricia A. O'Grady Filer, MAI, VA certification # 4001-003442. It concerns: "Re Valuation of a charitable donation of Biscuit Run; subdivision land containing 1,194.473 acres approved for 3,000 lots." In the first sentence of the first paragraph, it reads: "At your request, I have prepared a report. . . ." The Certification uses "I" and "my," and the declaration "per 58.1-512.1" is Ms. Filer's individual statement. The Certification is signed by her individually with her Virginia certification number. She does use the Federal Tax ID number for the Piedmont Appraisal Company.

The contested issue is that Piedmont Appraisal Company's registration with the Appraiser Board expired on October 31, 2003, and was not renewed. By 2009, Piedmont Appraisal Company had ceased to exist in corporate form, but Ms. Filer continued to operate it as a sole proprietorship. But Ms. Filer never registered with the Appraisal Board as a sole proprietor trading as Piedmont Appraisal Company. Therefore, the Tax Department says she has not complied with § 54.1-2011. However, Ms. Filer was licensed by the Appraiser Board as an individual.

Forest Lodge responds that Ms. Filer was not required to register with the Appraisal Board. A sole proprietorship is not a corporation or a partnership. Whether it is an "other business entity" was addressed in Forest Lodge's Memorandum in Opposition at pages 11-12, and, based on the legal authority cited, this Court finds the sole proprietorship is not an "other business entity."

The Tax Department also argues that operating as a sole proprietor requires an individual trading under an assumed name or fictitious name to register with the Board and file a copy of the certificate required by

Va. Code § 59.1-69. No such certificate was filed in the Clerk's Office of Orange County, Virginia, the county of the address on the letterhead of Piedmont Appraisal Company, or in the Clerk's office of Albemarle County, Virginia, where the subject 1,194 acres is located, the subject of the appraisal report.

The other issue raised is the filing of the LPC-1 letter of December 31, 2009, where Forest Lodge listed Piedmont Appraisal Company under "Appraisal Company Name" and 54-1943492 as its federal EID. The Form 8283 submitted to the Tax Department bore the signature of Patricia O'Grady Filer, "President," shows Piedmont's EID of 54-1943492, and gives the same address for Piedmont that appears on the cover of the Piedmont Appraisal.

In analyzing these alleged deficiencies, the Court will apply the traditional statutory construction rules and not the "strict construction" interpretation urged by the Tax Department.

The Court finds the appraisal report meets the requirements of § 58.1-512(B). The question is whether Ms. Filer meets the definition of a "qualified appraiser." Judge Higgins identified this issue in her letter opinion of 16 August 2012. Either the report and appraisal was done by Ms. Filer, who was a licensed as an appraiser, or it was done by Piedmont Appraisal Company, who was not registered. This Court finds it was done by the individual, Patricia A. O'Grady Filer, because that is how it was signed and certified, even though the cover page says it was prepared by Piedmont Appraisal Company. Therefore, there is no assumed name or fictitious issue problem with the LPC-1 application because the issue is the "qualified appraiser" under Va. Code § 58.1-512(B). The Court overrules the Motion for Summary Judgment based on this issue.